## Case No. 4,208.

DUTILH et al. v. MAXWELL.

[2 Blatchf. 548.][1]

Circuit Court, S. D. New York. Feb., 1853.

John S. McCulloh, for plaintiffs.
J. Prescott Hall, Dist. Atty., for defendant.

BETTS, District Judge. The plaintiffs, on the 15th of February, 1851, made entry of an importation of merchandise from Trieste, and, at the same time, produced at the custom-house two invoices thereof, dated at Trieste, August 27th and 28th, 1850, in which the value of the goods was stated in the currency of Austria, and claimed the right to enter the goods at their specie value and pay duties on that only. The discount claimed for the difference was sixteen per cent. The collector exacted duties on the nominal or paper value stated on the invoices. This was paid under protest, on the 21st of February, 1851, and, to recover that amount, with interest from that date, the plaintiffs have brought their action against the defendant. In these respects, the case presents the same features as that of Dutilh v. Maxwell [Case No. 4,207], decided in favor of the defendant.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

There is a difference in the particularity of the protest made in this case at the time of payment, which merits notice. It is in writing, upon the entry, addressed to the defendant, and is in these terms: "The exaction of excessive duties on the depreciated currency in which our annexed invoice is made out, as the law requires, and the rate of which depreciation is stated by our invoice and entry, is hereby protested against, and the object, to recover back this and all future similar exactions from yourself and the United States, by suit or otherwise, is, at the time thereof, hereby expressly reserved, the said payments being made only to obtain possession of our goods; and we maintain that the fair wholesale cash value or prices of our merchandize, in the principal markets of the country of production, at the times specified by section 16, Tariff 1842 [5 Stat. 563], must be ascertained, and the allowance for the depreciation of currency, as set out by our invoices and entries, be made in estimating the dutiable value of the merchandize, and in exacting the duties thereon." This is a very full and perspicuous statement of the grounds of objection to the duties demanded, but it was not supported by the production of a consular certificate at the time, nor is there any evidence that one had been presented at the custom-house, accompanying any previous importation of the plaintiffs, or that, on the occasion of this protest, one was offered or referred to by the plaintiffs. The oral testimony on the trial satisfactorily proves a large depreciation of the Austrian paper currency from the year 1848 to the time of these importations. Had such certificate been previously offered to the collector with a like protest, I think that, within the spirit of the case of Marriott v. Brune, 9 How. [50 U. S.] 619, and within the reason of the act of March 2, 1799 [1 Stat. 673], the plaintiffs would have been entitled to the benefit of that evidence upon the protest in the case, more especially if, on making this entry, they had offered to furnish the certificate thereafter.

The duties were paid under this protest on the 21st of February. On the 28th of February, seven days afterwards, another importation from the same place was entered by the plaintiffs, of similar merchandize, the invoices being dated at Trieste, November 6th and 7th, 1850, accompanied by a consular certificate showing the depreciation of the Austrian paper florin at Trieste, on the 6th of November, 1850, to have been 20¼ per cent. The equity of the plaintiffs to the restoration of the excess of duties paid on the importation in question, was thus, by evidence supplied immediately afterwards, made most manifest, and would seem to claim consideration from the fact that the importations and entries were so nearly simultaneous, while it is to be fairly inferred that the time of exportation was also the-

same. The point for consideration on this state of facts is, whether the plaintiffs can, by means of that after evidence, now have a remedy at law for such payment, as one illegally exacted by the defendant.

It is well settled, that a payment exacted and made without a written protest is not illegal, and affords no foundation for an action by the importer against the collector to recover it back. Lawrence v. Caswell, 13 How. [54 U. S.] 488. The supreme court, however, in Marriott v. Brune, 9 How. [50 U. S.] 619 allowed an after protest, put in whilst the moneys remained in the hands of the collector, and before the duties were closed up, to retroact and avail the importer, the same as if it had been presented at the time the duties were paid. This was for the reason that, "till the final adjustment, the money remains in the hands of the collector, and is not accounted for with the government, and more may be necessary to be paid by the importer." That is, the advance of money by the importer, to obtain his permit or make his entry, is not regarded as a final payment, as it does not at the time go into the public treasury. But, after the duties are fully ascertained at the custom-house, and the adjusted amount is demanded by the collector and paid by the importer, the payment is regarded as "closed up," and the court does not feel justified in embracing the case "under any existing equities." Id. 636. That is the predicament in which the present case stands. The duties were fully made up and paid on the 21st of February, and the money, on its payment to the collector, passed into the treasury of the United States, and became public funds. Act March 3, 1839 (5 Stat. 348, § 2); Cary v. Curtis, 3 How. [44 U. S.] 236. And the protest cannot be made to invoke an after consular certificate to prove the payment illegal. Such certificate must have been presented at the time, or a bond have been tendered to produce it. The importer, to support an action afterwards for the recovery of the money so circumstanced, must bring himself within the requirements of the act of February 26, 1845 (5 Stat. 727); and the instructions of the president, under the proviso to the 61st section of the act of March 2, 1799 (1 Stat. 673), being also a statutory appointment, prerequisite to a right of recovery, must have been equally observed and fulfilled. The plaintiffs in the present case, not having accompanied their invoice with a consular certificate, nor presented one to the collector until after the duties were closed and paid, failed to make the proofs exacted by the statute, and cannot recover back the duties paid on that entry.

Judgment for the defendant.